FROST, Respondent, v. KING, Appellant.

(167 N. W. 494.)

(File No. 4313.   Opinion filed May 13, 1918.)

1.  **Evidence—Alleged Altered Instrument, Admissibility—Markings Explained, Duplicate Admitted, Effect**

    The objection that a duplicate contract bore evidence of lead pencil markings, is not tenable as to its admissibility, the markings having been explained, and a conceded duplicate free from alteration having also been received in evidence.

2.  **Same—Work "In Good Workmanlike Manner"—Testimony of Expert, Competency.**

    To permit a party to a building contract in suit, to state whether he finished the house "in a good workmanlike manner;" was not error, he being an expert.

3.  **Same—Suit on Building Contract—Assigned Accounts As Consideration—Testimony re Amount Received From Accounts, Admissibility.**

    In a suit to recover for deficiency in amount of accounts assigned to plaintiff as part consideration for construction of a house, held, not error to exclude testimony of plaintiff as to how much he realized from the accounts actually received.

4.  **Contracts—Building Contract, Credit re Work by Third Party by Consent, Time Required Therefor, Relevancy of Evidence.**

    In a suit to recover for deficiency in amount of accounts

assigned as part consideration for construction of a house, part of the work having, by consent of plaintiff builder, been done by another party, and the evidence as to the amount of credit due for performing this work being undisputed, **held**, that evidence as to how long it took the third party to perform such work, was properly rejected as irrelevant; the only issuable fact under the pleadings being the amount of such credit.

5.    **Trial—Construction of Building, Whether as Contracted For— Instruction that Jury Exercise "Judgment and Experience"— Assignments of Error, As Related To.**

In a suit on contract for construction of a house, faulty construction being a defense, an instruction that the jury should be guided by "their judgment," and that, in view of meager plans and specifications, the jury "will be called upon to exercise considerable" of their judgment, " or as much as you have, and experience and knowledge," concerning such construction, was not improper, as taking the evidence from consideration of jury. **Held**, further, that assignments of error containing exceptions to an alleged instruction that jury should "be guided by their judgment as men," were not, upon the record, justified by instructions actually given.

Appeal from Circuit Court, Davison County. Hon. FRANK W. SMITH, Judge. ·

Action by H. T. Frost, against E. E. King, upon a building contract. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*T. J. Spangler*, for Appellant.

*Lauritz Miller*, for Respondent.

WHITING, P. J. The defendant became the owner of a one-fourth interest in the accounts due a certain corporation. He entered into a written contract with plaintiff under which plaintiff was to erect for him a dwelling house. The consideration for plaintiff's covenant to build such house was, in part, an assignment to plaintiff of said accounts. This contract was in duplicate, and had attached to it the plans and specifications of the building to be erected as well as the accounts assigned to plaintiff, among which accounts were those above referred to. The contract provided that the total of the "corporation" accounts so assigned aggregated "approximately $20,000 or more"—it being supposed that that was the amount of such corporation accounts. It appears that, in reaching this total of $20,000, the clerk who had compiled

same made an error and, after the contract between these parties
was entered into, it was discovered by defendant that the total
of said "corporation" accounts was less than $15,000.   Defend-
ant claims that, upon the discovery of this error, he offered to
and did turn over to the plaintiff certain accounts, other than
"corporation" accounts; and he claims these accounts were re-
ceived by plaintiff in lieu of and under the terms of such con-
tract.    Plaintiff claims that, upon defendant's advising him of
the deficiency in the "corporation" accounts, it was agreed that
defendant might turn over other accounts, but to be credited
merely for whatever was realized from the same.   Plaintiff
brought this action to recover the difference between the one-
fourth of the face value of the accounts of said corporation as
turned over to him and $5,000—the one-fourth of the agreed
$20,000 face value of the "corporation" accounts, less a certain
amount which he admitted he had received from the accounts
turned over after the contract was entered into.   Defendant,
besides contending that these last accounts had been turned over
and received to take the place of the lacking "corporation" ac-
counts, also contends that, after the dwelling house was con-
structed and when the same was accepted by him, a full set-
tlement was had between himself and plaintiff, and that he paid
to the plaintiff in such settlement the sum of $550.   Plaintiff con-
tends that this $550 was received in settlement of extra work
done in the construction of the dwelling, owing to changes re-
quested by defendant therein, and for work done and materials
furnished in the erection of a garage, etc., and that no part of
the said $550 was received in settlement of the amount due under
the written contract.   Defendant, as a counterclaim, contends that
the dwelling house was not properly constructed, and claims dam-
ages in a considerable amount on that account.   The cause was
tried to a jury, and resulted in a verdict for plaintiff in an
amount somewhat less than the amount claimed by him, but in an
amount which shows that the jury, if it allowed any counterclaim,
did not allow anywhere near the amount claimed by defendant.
From the judgment entered on such verdict and from an order
denying a new trial, this appeal was taken.

Appellant assigns as error certain rulings of the court in the
receipt of evidence, certain instructions given by the court, the re-

fusal to give an instruction asked, and he also specifies certain particulars wherein he claims the evidence was insufficient to sustain the verdict.

[1] Appellant assigns as error the receipt in evidence of Exhibit A, one of the duplicate contracts. The basis of his objection to this exhibit was the fact that it bore evidence of having been changed. There is no merit in this assignment. The so-called changes consisted of lead pencil markings thereon, which markings were explained; furthermore, the conceded duplicate, free from any alteration, was received in evidence, thus leaving without dispute what constituted the contents of the contract.

[2] Appellant assigns as error the admitting of an answer to this question asked of respondent: "State whether or not you finished this house of Dr. King's in a good workmanship manner." There was no error in this ruling. The witness was an expert, and had a right to answer this question as such expert.

[3] Appellant assigns as error the refusal of the court to allow appellant to ask respondent as to how much money he received from the "corporation" accounts. It is perfectly clear that this ruling was correct. It was absolutely none of appellant's business how much or how little respondent realized from such accounts.

[4] It appeared that appellant was not satisfied with the way in which respondent was doing certain painting and wood finishing, and requested leave to have another party do that part of the work. It is undisputed that respondent consented to this, and respondent contends that a credit was given to appellant therefor. Upon the trial appellant sought to introduce evidence to show how long it took the other party to do this work. This evidence was objected to, among other grounds, because not tending to prove any issue in the case. This objection was sustained, and rightly because, under the pleadings, there was no foundation for this evidence. The only issue that could properly have been raised in relation thereto, under the pleadings, was the amount of credit that was or should have been allowed appellant therefor, and upon this the evidence is undisputed.

In one instruction the trial court assumed that, if respondent's contentions were right, respondent would be entitled to recover one-fourth of the difference between the actual face value

of the "corporation" accounts and $20,000, less what he had received from accounts not included in the original contract. Appellant contends that this was erroneous—that by so instructing it was assumed that the value of lacking "corporation" accounts would have been equal to their false value, and that it cannot be assumed that the actual value of an account is the apparent face value thereof. We do not desire to express any view on the legal proposition upon which appellant bases his contention. It is sufficient to call attention to the fact that we have not a case where appellant failed to turn over certain accounts that were in existence, the actual value of which might have been proven; but there were no "corporation" accounts other than those turned over. It is apparent that it would border upon the ridiculous to say that one could prove the actual value of accounts that never in fact existed. There is no contention nor evidence to support any contention that these "corporation" accounts were taken upon any understanding that they were worth less than their face value.

[5] Appellant excepted "to that portion of the charge wherein the court, in effect, instructs the jury that: 'In determining whether the defendant's house was constructed according to contract they should be guided by their judgment as men,' for the reason that the jury should have been instructed to consider only the evidence received on the trial in determining such issue." The exception as so worded is the only basis for assignments of error 8 and 9. Assignment of error 8 contains a lengthy statement of a part of the instructions as given by the court, and adds thereto certain words directing the jury to exercise their "judgment and knowledge." No such direction was contained in such part of the instructions. In only two places in the instructions was any suggestion made that, in reaching a verdict, the jury should be guided by "their judgment." In the first of these places the court in effect directed the jury to apply their "judgment and experience" to the consideration of the evidence. Such instruction was not only correct, but it is not referred to in either of the assignments for error. In assignment of error 9 the court, after calling attention to the fact that the plans and specifications of the house were crude and meager, and that the contract did not go into details as it should, instructed the jury that:

"You will be called upon to exercise considerable of your judgment, or as much as you have, and experience and knowledge in reference to the construction of a building of the kind that is described and attempted to be described and contracted for in this contract."

Such instruction did not take the evidence from the consideration of the jury, but directed the jury to apply their judgment and knowledge to the whole situation as it appeared, and by that method determine whether there had been constructed a building such as was really contracted for.

Appellant assigns as error the refusal of the court to give a certain instruction. We need only call attention to the fact that the only place in the record where there is any reference to a request for such instruction is in said assignment. It does not appear in the statement of the proceedings before the trial court.

It would serve no useful purpose for us to review in detail the evidence received. The evidence was amply sufficient to sustain the verdict. In fact there has seldom come before us a cause in which the record upon appeal shows a trial freer from any, even nonprejudicial, error.

The judgment and order appealed from are affirmed.